Green, J.
delivered the opinion of the court.
The only question raised at the bar in this case, is, that the record does not show that the grand jurors were good and *524 iawfu¡ men 0f Maury county. J J The venire facias is directed to the sheriff of Maury county, and commands him to summon the following “good and lawful men” to serve as jurors at the next county court for Maury county. It is insisted, that it should have commanded, in express words, to summon citizens of Maury county; for that he could have summoned good and lawful men who were not of that county. We do not think the argument sound. What constitutes an individual a lawful man to serve as a grand juror in Maury county ? He must be a citizen of that county, and a householder or free.holder. If he is not a citizen, he is not a lawful man any more than if he is not a householder. There is as much reason, therefore, for insisting that the latter qualification should also have been specified in the venire facias, as the former. But the word “lawful” includes every thing that the law requires in order to constitute the party a competent juror, and as citizenship in Maury county is one of his legal qualifications, the requisition to summon “lawful men” is a requisition to summon citizens of that county. But if this were not so, it is settled in the case of Cornwell vs. The State, Martin and Yerger’s Reports, 149, that it is not necessary that the qualifications of jurors should appear in the case of proceedings in the superior courts. 1 Chit. Crim. Law, 333.
The judgment must be reversed and the cause remanded to. the Maury circuit court to be proceeded in, &c.
Judgment reversed.